895 F.2d 1421
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joseph A. FAUSTO, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 90-5001.
 United States Court of Appeals, Federal Circuit.
 Jan. 19, 1990.
 
 Before RICH and NIES, Circuit Judges, and BRIAN BARNETT DUFF, Judge*.
 PER CURIAM.
 
 DECISION
 
 1
 Plaintiff-Appellant Fausto appeals from the August 21, 1989 judgment of the United States Claims Court in case No. 30-89 C, dismissing his claim for lack of jurisdiction. We affirm.
 
 OPINION
 
 2
 When the Supreme Court held that the Claims Court lacked jurisdiction to hear Fausto's claim, it specifically noted that if an "appropriate authority" determined that a government employee has "undergone an unwarranted personnel action," then "a suit for backpay will lie" (presumably in the Claims Court). United States v. Fausto, 484 U.S. 439, 454, reh'g denied 485 U.S. 972 (1988) (Fausto ). Fausto subsequently filed the present action in the Claims Court, again seeking additional back pay based on his allegedly improper suspension and termination. The Claims Court dismissed for lack of jurisdiction, finding that no appropriate authority had found that Fausto was entitled to back pay.
 
 
 3
 On this appeal, Fausto argues that the agency, as an "appropriate authority," decided that he had "undergone an unwarranted personnel action" when it cancelled his January 16, 1981 dismissal, and thus that the Claims Court has jurisdiction to award him back pay for the period of his suspension and after his September 18, 1981 termination.
 
 
 4
 We disagree. On February 1, 1983, the agency did three things: it revoked Fausto's January 16, 1981 dismissal, it suspended him for the 30 day period from January 16 to February 15, and it terminated him effective September 18, 1981. What Fausto is asking us to do is focus solely on the first action and ignore the other two. The agency did indeed determine that Fausto had undergone an unwarranted personnel action, but at the same time it determined what personnel action he should have undergone. These determinations cannot be viewed separately in determining whether the Claims Court has jurisdiction under the criteria set forth in Fausto, but instead must be looked at together to determine what the "appropriate authority decided."
 
 
 5
 In this case, the agency decided that Fausto should not have been dismissed on January 16, 1981, but should have been suspended for 30 days and then terminated on September 18, 1981. Neither the merits of this decision nor the procedure used to reach the decision are reviewable by the Claims Court or this court. Fausto, 484 U.S. at 455. Therefore, contrary to Fausto's allegation, no appropriate authority has determined that either the 30 day suspension or the September 18, 1981 termination was improper. Having failed to prove the allegations necessary under Fausto to obtain jurisdiction in the Claims Court, the Claims Court properly dismissed for lack of jurisdiction.
 
 
 6
 As a final note, the agency maintains that the frivolity of this appeal merits imposition of sanctions against Fausto. While we have found Fausto's claim to be meritless and feel that it borders on the frivolous, we are not convinced that Fausto's claim is so frivolous as to merit sanctions, and we decline the agency's suggestion.
 
 
 
 *
 Brian Barnett Duff, District Judge, United States District Court for the Northern District of Illinois, sitting by designation